## McGowan v. Pennsylvania Railroad Company.

*Carriers — Delivery — Delay—Reasonable and ordinary time—Decline in market.*

There can be no recovery from a carrier for loss caused by a decline in the market during an alleged delay in delivery of goods, where the court finds as a fact that the goods were delivered within the reasonable and ordinary running time and that plaintiff had no reason to expect the goods any sooner than they arrived.

Claim against a carrier for delay in delivery of goods. Motion for new trial. C. C. Allegheny Co., 1925, No. 690.

*Guy B. Hoge,* for plaintiff; *Dalzell, Fisher & Dalzell,* for defendant.

JONES, J., Dec. 1, 1926.—About the middle of October, 1924, the plaintiff in this proceeding was the consignee of three shipments of grapes, which shipments had their origin at Portland, Farnham and State Line, N. Y. They, however, were delivered to and accepted by the Pennsylvania Railroad Company, defendant, as terminal carrier, at Brockton, N. Y., and transported by defendant through Brockton to the produce yards of the Pennsylvania Railroad Company at Pittsburgh, Pa., their destination.

The time of the arrival of these shipments in the outer yards at Thirty-eighth Street, Pittsburgh, and that of their delivery in the produce yards proper is not in dispute.

McGowan v. Pennsylvania Railroad Company.

The plaintiff seeks to recover for loss through a decline in the market due to an alleged delay by defendant, the delivering carrier. There is no claim for deterioration, decay, etc., and the amount claimed is based solely on market decline; that is, the plaintiff suffered a market drop between the day he alleges the shipments should have arrived and the day they were actually placed. The market decline in each case is admitted.

The defendant also admitted that in one of these three shipments there was a delay of two days, causing a loss due to market decline of $31.40, for which sum a tender was made, but as to the other two shipments, defendant alleges there was no delay in transportation.

At the conclusion of the trial, on points submitted by defendant, the court directed a verdict in favor of the plaintiff for the sum not in dispute, $31.40.

The plaintiff claims a right to recover for a delay in the shipments between the Thirty-eighth Street holding yards and the Pittsburgh produce yards proper, but no delay is alleged by plaintiff in the shipments from Brockton, N. Y., to the produce yards proper, the destination.

It seems from all the testimony of plaintiff's witnesses that the reasonable movement between Brockton and the produce yards was a second morning delivery, or called for a second morning delivery; that is, the time they would expect to receive shipments from Brockton, N. Y., was the second morning.

The two shipments in question arrived at the outer yards in Pittsburgh, in the neighborhood of a day ahead of the ordinary and reasonable running time, or the time their arrival was due. Owing to congestion in traffic and the large number of shipments, the Pennsylvania Railroad Company was compelled to transport some shipments over its lines on special trains, which accounts for the arrival of these shipments at the outer yards ahead of time, but these shipments were placed within the produce yards proper within the reasonable, ordinary, running time agreed upon, as evidenced by plaintiff's and defendant's witnesses.

The records of the defendant showing the running time and movement of every shipment from Brockton, N. Y., to the produce yards in Pittsburgh during the months of September, October and November, 1924, were offered in evidence. These records showed that the defendant company during these months delivered from New York points through Brockton, 203 shipments, and showed that only twenty-one made a special movement; that 282 shipments made a second morning delivery from Brockton, N. Y.

We are of the opinion that the two shipments aforesaid arrived at their destination and were placed in the produce yards proper within the reasonable, ordinary and running time; that there was no delay in shipments from Brockton to the produce yards proper; that in estimating the time consumed in the shipments it should be from the time of delivery to defendant at Brockton and their arrival at the Pittsburgh produce yards proper; that there could be no recovery for any delay between intermediate points; further, that the plaintiff had no reason whatsoever to expect to receive these shipments at the produce yards, their destination, any sooner than they actually arrived, and that there was no special arrangement between him and the railroad company to the effect that he was to receive his shipments in less than the regular scheduled time.

We are, therefore, of the opinion that the rule in this case should be discharged and new trial refused.

From William J. Aiken, Pittsburgh, Pa.